| | |
|---|---|
| Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>FENNEMORE CRAIG, P.C.<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228   Fax: 775-788-2229<br>lhart@fclaw.com; jtennert@fclaw.com | Colt B. Dodrill, Esq. (SBN 9000)<br>Gregory S. Bean, Esq. (SBN 12694)<br>WOLFE & WYMAN LLP<br>6757 Spencer Street<br>Las Vegas, NV 89119<br>Tel: 702-476-0100   Fax: 702-476-0101<br>cbdodrill@wolfewyman.com;<br>gsbean@wolfewyman.com |
| (*Pro Hac Vice* to be Submitted)<br>Asim Varma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq.<br>ARNOLD & PORTER LLP<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>Tel: (202) 942-5000   Fax: (202) 942-5999<br>Asim.Varma@aporter.com;<br>Howard.Cayne@aporter.com;<br>Michael.Johnson@aporter.com<br>*Attorneys for Intervenor Federal Housing Finance Agency* | *Attorneys for Defendants Green Tree Servicing LLC, now known as Ditech Financial LLC and Intervenor Federal National Mortgage Association* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| 5035 VILLAGE TRUST, a Nevada Trust,<br>               Plaintiff,<br>   vs.<br>XAVIER F. DURAZO, an individual;<br>ANDREA T. GARNICA, an individual;<br>GREEN TREE SERVICING, LLC, a foreign limited liability company; DOE INDIVIDUALS 1-X, inclusive; and ROE CORPORATIONS XI through XX, inclusive,<br>               Defendants.<br>and<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association,<br>               Intervenors,<br><br>GREEN TREE SERVICING, LLC, a foreign limited liability company,<br>               Counterclaimant,<br>and<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association,<br>               Intervenors, | CASE NO.  2:15-cv-00747-GMN-NJK<br><br>ORDER GRANTING<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FEDERAL HOUSING FINANCE AGENCY'S MOTION FOR STAY OF DISCOVERY PENDING RESOLUTION OF THEIR MOTION FOR SUMMARY JUDGMENT** |

vs.

5035 VILLAGE TRUST, a Nevada Trust; DOES 1-10, inclusive; ROE BUSINESS ENTITIES 1-10, inclusive; and ALL OTHERS WHO CLAIM INTEREST IN THE SUBJECT PROPERTY LOCATED AT 5035 VILLAGE DR., LAS VEGAS, NV 89142,

Counter-Defendants.

GREEN TREE SERVICING, LLC, a foreign limited liability company,

Third-Party Plaintiff,

vs.

WINTERWOOD RANCH UNIT NO. 1 HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; DOES 1-10, inclusive; ROE BUSINESS ENTITIES 1-10, inclusive; and ALL OTHERS WHO CLAIM INTEREST IN THE SUBJECT PROPERTY LOCATED AT 5035 VILLAGE DR., LAS VEGAS, NV 89142,

Third-Party Defendants.

## INTRODUCTION

Intervenor-Counterclaimants Federal National Mortgage Association ("Fannie Mae") and Federal Housing Finance Agency ("FHFA"), as Conservator of Fannie Mae, respectfully move this Court for a stay of discovery pursuant to Fed. R. Civ. P. 26. Defendant Green Tree Servicing LLC, now known as Ditech Financial LLC ("Green Tree"), does not oppose the Motion to Stay.

This Court should stay discovery in this matter pending resolution of Fannie Mae and FHFA's concurrently filed motion for summary judgment because it raises the central legal question in this case—whether a homeowner's association foreclosure sale ("HOA Sale") conducted under Nev. Rev. Stat. § 116.3116 *et. seq.* may extinguish Fannie Mae's property interest. Fannie Mae and FHFA argue that 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") precludes an HOA Sale from extinguishing Fannie Mae's property interests and preempts any contrary state law. Discovery is not necessary to resolve these threshold legal questions.

///

Courts in this District, including Chief Judge Navarro, have granted summary judgment to FHFA, Fannie Mae, and/or Federal Home Loan Mortgage Corporation ("Freddie Mac") in eleven related cases without any discovery.[1] As in those cases, the Court's decision on Fannie Mae and FHFA's pending Motion for Summary Judgment here may dispose of Plaintiff's claims and eliminate the need for any discovery. Because discovery may never be required in this action, it would be burdensome, inefficient, and inequitable to conduct it at this stage.

## BACKGROUND

On January 16, 2015, Plaintiff 5035 Village Trust filed a complaint in Clark County District Court against Green Tree, seeking a declaration that it is the rightful owner, free and clear of all liens and encumbrances, of real property commonly known as 5035 Village Drive, Las Vegas, Nevada 89142 (the "Property") by way of its purported purchase of the Property from Winterwood Ranch Unit No. One ("Winterwood"), which had purchased the Property at an HOA foreclosure sale. (*See* ECF Nos. 1-2.) On April 23, 2015, this case was removed to this Court. (ECF No. 1.)

On January 12, 2016, Fannie Mae and FHFA filed an Answer to Plaintiff's Complaint and asserted counterclaims seeking declaratory judgment and quiet title, asserting that the HOA foreclosure sale did not extinguish Fannie Mae's interest in the deed of trust, and, thus Plaintiff's interest in the Property is subject to Fannie Mae's lien. (ECF No. 60.) On February 22, 2016, the Court granted Fannie Mae and FHFA's motion to stay discovery pending resolution of their motion to consolidate this case with a pending class action in this Court. (ECF No. 64.) On May

---

[1] *See Skylights v. Byron*, 112 F. Supp. 3d 1145 (D. Nev. 2015); *Elmer v. Freddie Mac*, No. 2:14-cv-01999-GMN-NJK, 2015 WL 4393051 (D. Nev. July 14, 2015); *Premier One Holdings, Inc. v. Fannie Mae*, No. 2:14-cv-02128-GMN-NJK, 2015 WL 4276169 (D. Nev. July 14, 2015); *Williston Inv. Grp., LLC v. JP Morgan Chase Bank, NA*, No. 2:14-cv-02038-GMN-PAL, 2015 WL 4276144 (D. Nev. July 14, 2015); *My Glob. Vill., LLC v. Fannie Mae*, No. 2:15-cv-00211-RCJ-NJK, 2015 WL 4523501 (D. Nev. July 27, 2015); *1597 Ashfield Valley Trust v. Fannie Mae*, No. 2:14-cv-02123-JCM, 2015 WL 4581220 (D. Nev. July 28, 2015); *Berezovsky v. Moniz*, No. 2:15-cv-01186-GMN-GWF, 2015 WL 8780198 (D. Nev. Dec. 15, 2015); *Opportunity Homes, LLC v. Freddie Mac*, No. 2:15-cv-0893-APG-GWF, --- F. Supp. 3d ----, 2016 WL 4367254 (D. Nev. Mar. 11, 2016); *FHFA v. SFR Investments Pool 1, LLC*, No. 2:15-cv-1338-GMN-CWH, 2016 WL 2350121 (D. Nev. May 2, 2016); *G&P Inv. Enters., LLC v. Wells Fargo Bank, N.A.*, No. 2:15-cv--0907-JCM-NJK, --- F. Supp. 3d ----, 2016 WL 4370055 (D. Nev. Aug. 4, 2016).

4, 2016, after Chief Judge Navarro (1) denied the motion to certify the class in the proposed class action, and (2) granted FHFA, Fannie Mae, and Freddie Mac's motion for summary judgment in that proposed class action, the Court denied the motion to consolidate this case with the proposed class action as moot. (ECF No. 67.)

## LEGAL ARGUMENT

**1.   Standard of Review Governing Motion to Stay Discovery**

District courts have "wide discretion in controlling discovery." *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion."). "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending" courts "consider[] the goal of Federal Rule of Civil Procedure 1, which provides that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

Indeed, courts may limit discovery "upon a showing of good cause or where 'justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 4 (quoting *Wagh v. Metris Direct, Inc.*, 363 F.3d 821,829 (9th Cir. 2003)). Further, a stay of discovery may be appropriate to "further[] the goal of efficiency for the court and the litigants." *Id.*

In deciding whether to stay discovery, this Court considers (1) whether the pending motion is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) whether the "pending potentially dispositive motion can be decided without additional discovery." *Hafterlaw, LLC v. Neelu Pal, M.D.*, No. 2:13-cv-01943, 2014 U.S. Dist. LEXIS 3792, at *5 (D. Nev. Jan. 10, 2014). In some cases decided by this Court, a third prong to the test is added: that "the Court has taken a 'preliminary peek' at the merits of the

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

4

potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). At other times, the Court has treated the "preliminary peek" as a tool in evaluating the second factor. *See, e.g.*, *Hafterlaw*, 2014 U.S. Dist. LEXIS 3792, at *5. In any event, this Court has recognized that the "preliminary peek . . . is not intended to prejudge the outcome"; rather, "this [C]ourt's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Id.* at *4 n.1 (staying discovery pending resolution of summary judgment motion that presented a dispositive legal question). Thus, for example, this Court has stayed discovery where the motion "presents a critical preliminary question." *Kabo Tool Co. v. Porauto Indus.*, No. 2:12-cv-01859, 2013 U.S. Dist. Lexis 53570, at *2 (D. Nev. April 15, 2013) (staying discovery pending resolution of motion to dismiss challenging personal jurisdiction).

## 2. A Stay Is Appropriate Because the Pending Motion May Resolve Plaintiff's Claims and Can Be Decided Without Discovery

Under the above standard, a stay of discovery is appropriate here. If granted, Fannie Mae and FHFA' pending Motion for Summary Judgment will dispose of Plaintiff's claims as well as their counterclaims. Plaintiff alleges that it "owns the Property free from all other encumbrances[.]" Compl. ¶ 31 (ECF Nos. 1-2). Fannie Mae and FHFA argue that pursuant to the Federal Foreclosure Bar, while Fannie Mae is in conservatorship, its interest in the deed of trust cannot be extinguished by the HOA Sale without consent of FHFA. If Fannie Mae and FHFA prevail on this issue, then the HOA Sale did not extinguish Fannie Mae's interest, and Plaintiff's claim to quiet title must be dismissed. Accordingly, the Motion for Summary Judgment presents a "critical preliminary legal question," *Kabo Tool*, 2013 U.S. Dist. Lexis 53570, at *2; as Plaintiff's claim to quiet title must be denied if the Court finds that under federal law Freddie Mac retains its interest in the deed of trust. Indeed, Chief Judge Navarro has entered final judgment in favor of FHFA, Fannie Mae, Freddie Mac, and/or their servicers in cases after granting similar motions for summary judgment. *See, e.g.*, *Skylights*, 112 F. Supp. 3d 1145;

*Elmer*, 2015 WL 4393051; *Williston*, 2015 WL 4276144; *Berezovsky*, 2015 WL 8780198.

Moreover, the Motion for Summary Judgment meets the second prong: resolving the Motion does not require a resolution of disputed material facts; rather, it presents a pure question of law and requires only the Court's interpretation of Section 4617(j)(3) and its preemptive effect on Nevada law. *See Hafterlaw*, 2014 U.S. Dist. Lexis 3792, at *5 (citing *Ministerio*, 288 F.R.D. 500). There can be no doubt in this case that Fannie Mae had a property interest at the time of the HOA Sale. At that time, Fannie Mae was the owner of the note and Deed of Trust while its servicer, Green Tree, was beneficiary of record of the Deed of Trust. These facts are supported by both the public records and Fannie Mae's business records that are being filed with the contemporaneously filed Motion for Summary Judgment. Chief Judge Navarro has held that under these circumstances, a loan owner like Fannie Mae has a property interest protected by the Federal Foreclosure Bar. *See, e.g.*, *Berezovsky*, 2015 WL 8780198, at *3; *FHFA v. SFR*, 2016 WL 2350121, at *6-7. Plaintiff cannot present facts essential to justify its opposition to the motion, and the Court can and should apply the Federal Foreclosure Bar as a matter of law, without any need for further fact development.

The "preliminary peek" required of this Court in resolving this motion is not the searching evaluation of the merits that is sometimes employed. Instead, as in *Hafterlaw*, it is a "preliminary peek . . . not intended to prejudge the outcome," but rather, "to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." 2014 U.S. Dist. Lexis 3792, at *4 n.1. As in *Hafterlaw* and in *Kabo Tool*, where this Court granted stays of discovery, the Motion for Summary Judgment presents a dispositive legal question that would resolve Plaintiff's claims without the need for discovery. *See id.* at *5-6; *Kabo Tool*, 2013 U.S. Dist. Lexis 53570, at *2. Thus, the Court need only confirm that the Motion for Summary Judgment presents a legal question potentially dispositive of Plaintiff's claims, as it did in *Hafterlaw*, to determine that it would be "more just to delay discovery to accomplish the inexpensive determination of the case than to speed the parties along in discovery while the dispositive motion is pending." *See Hafterlaw*, 2014 U.S. Dist. Lexis 3792, at *5-6.

Indeed, a stay is even more justified here; in both *Hafterlaw* and *Kabo Tool* (and many others where this Court has denied stays of discovery) the motion to stay was opposed. Here, all Parties agree to a stay of discovery, and agree that a stay would "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## CONCLUSION

Based on the foregoing, Fannie Mae and FHFA respectfully request that the Court stay discovery pending resolution of their Motion for Summary Judgment.

DATED this 20th day of October, 2016.

| **WOLFE & WYMAN LLP** | **FENNEMORE CRAIG, P.C.** |
|---|---|
| By: /s/ Gregory S. Bean<br>Colt B. Dodrill, Esq. (SBN 9000)<br>Gregory S. Bean, Esq. (SBN 12694)<br>6757 Spencer St.<br>Las Vegas, NV 89119<br>Tel: 702-476-0100  Fax: 702-476-0101<br>cbdodrill@wolfewyman.com<br>gsbean@wolfewyman.com | By: /s/ Leslie Bryan Hart<br>Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228  Fax: 775-788-2229<br>lhart@fclaw.com; jtennert@fclaw.com<br>and<br>**ARNOLD & PORTER LLP**<br>(*Pro Hac Vice* to be Submitted)<br>Asim Varma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq. |
| *Attorneys for Defendant Green Tree Servicing LLC, now known as Ditech Financial LLC, and Intervenor Federal National Mortgage Association* | *Attorneys for Intervenor Federal Housing Financing Agency* |

The motion to stay discovery is GRANTED. In the event the motion for summary judgment is not granted in full, the parties shall file a joint discovery plan within 14 days of the issuance of the order resolving the motion for summary judgment.
IT IS SO ORDERED.
Dated: October 24, 2016

_____
United States Magistrate Judge