**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 5035 VILLAGE TRUST, a Nevada Trust, | |
| Plaintiff, | Case No.: 2:15-cv-0747-GMN-NJK |
| vs. | **ORDER** |
| XAVIER F. DURAZO, an individual; ANDREA T. GARNICA, an individual; GREEN TREE SERVICING, LLC, a foreign limited liability company; DOE INDIVIDUALS 1-X, inclusive; and ROE CORPORATIONS XI through XX, inclusive, | |
| Defendants, | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association, | |
| Intervenors, | |
| GREEN TREE SERVICING, LLC, a foreign limited liability company, | |
| Counterclaimant, | |
| and | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association, | |
| Intervenors, | |
| vs. | |
| 5035 VILLAGE TRUST, a Nevada Trust; DOES 1-10, inclusive; ROE BUSINESS | |

| | |
|---|---|
| ENTITIES 1-10, inclusive; and ALL OTHERS WHO CLAIM INTEREST IN THE SUBJECT PROPERTY LOCATED AT 5035 VILLAGE DR., LAS VEGAS, NV 89142, | )<br>)<br>)<br>)<br>) |
| Counter-Defendants. | )<br>)<br>) |
| GREEN TREE SERVICING, LLC, a foreign limited liability company, | )<br>)<br>) |
| Third-Party Plaintiff, | ) |
| vs. | )<br>) |
| WINTERWOOD RANCH UNIT NO. 1 HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; DOES 1-10, inclusive; ROE BUSINESS ENTITIES 1-10, inclusive; and ALL OTHERS WHO CLAIM INTEREST IN THE SUBJECT PROPERTY LOCATED AT 5035 VILLAGE DR., LAS VEGAS, NV 89142, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 77), filed by Intervenors Federal National Mortgage Association ("Fannie Mae") and Federal Housing Finance Agency ("FHFA") (Fannie Mae and FHFA collectively, "Intervenors"). Defendants, Counterclaimants, and Third-Party Plaintiffs Green Tree Servicing, LLC ("Green Tree Servicing") joined Intervenors' Motion, (ECF No. 80). Plaintiff/Counter-Defendant 5035 Village Trust ("Village Trust") failed to file a response, and the time to do so has since passed. Intervenors filed a Reply, (ECF No. 86), and a Notice of Non-Opposition, (ECF No. 87). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

## I. BACKGROUND

The present action involves the interplay between Nevada Revised Statutes § 116.3116 and 12 U.S.C. § 4617 as it relates to the parties' interests in real property located at 5035 Village Drive, Las Vegas, NV, 89142 (the "Property"). On April 18, 2005, Xavier F. Durazo ("Durazo") obtained a loan in the amount of $108,300 from lender Bank of America, N.A. ("Lender") that was secured by a Deed of Trust on the Property. (Deed of Trust, Ex. A to MSJ, ECF No. 77-1).[1] Fannie Mae purchased the Durazo Loan on May 1, 2005, and has owned it ever since. (*See* Curcio Decl. ¶¶ 4–8, Ex. B to MSJ, ECF No. 77-1).

On September 6, 2008, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorships pursuant to HERA. (Mot. for Summ. J. ("MSJ") 6:12–14, ECF No. 77). On December 2, 2011, the Lender assigned the Deed of Trust to Green Tree Servicing, which was recorded on December 15, 2011. (Ex. D to MSJ, ECF No. 77-2).

On October 8, 2010, Alessi & Koenig, LLC, ("A&K"), as agent for Winterwood Ranch (the "HOA"), recorded a Notice of Delinquent Assessment Lien against the Property. (Not. of Delinquent Assessment Lien, Ex. J to MSJ, ECF No. 77-3). The HOA subsequently purchased the Property as the highest bidder at the October 9, 2014 foreclosure sale for $10,806.05. (Foreclosure Deed, Ex. K to MSJ, ECF No. 77-3). At no time during the process did FHFA, as conservator of Freddie Mac, consent to the HOA's foreclosure. (*See* FHFA's Statement on HOA Super-Priority Lien Foreclosures Ex. M to MSJ, ECF No. 77-3).

Village Trust initiated this action by filing the original complaint in state court on January 16, 2015, asserting claims for quiet title and declaratory relief against Durazo and Green Tree Servicing. (Compl. ¶¶ 24–37, Ex. A to Pet. for Removal, ECF No. 1-2). Green Tree Servicing subsequently removed the action to this Court on April 23, 2015. (Pet. for

---

[1] The Court takes judicial notice of Exhibits A, D, J, K, L to Intervenors' Motion for Summary Judgment. (*See* ECF No. 77); *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's Office.

Removal, ECF No. 1). On May 6, 2015, Green Tree Servicing filed its Answer. (Ans. to Compl., ECF No. 7).

On January 11, 2016, the Court entered an Order granting the parties' Stipulation, which granted the Intervenors' permission to intervene. (Order on Stipulation, ECF No. 59). The Intervenors subsequently filed an Answer asserting counterclaims against Village Trust. (Ans. to Compl. & Counterclaims, ECF No. 60).[2] Then, on October 20, 2016, Intervenors filed the pending Motion for Summary Judgment. (MSJ, ECF No. 77).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went

---

[2] The Intervenors counterclaims are (1) Declaratory Relief and (2) Quiet Title. (Ans. to Compl. & Counterclaims ¶¶ 24–37). These counterclaims are merely the converse of Village Trust's claims in its Complaint. As such, a resolution of the claims in this case also resolves the Intervenors' counterclaims.

uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn

in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. <u>DISCUSSION</u>

In the instant Motion for Summary Judgment, Intervenors request that the Court declare that "12 U.S.C. § 4617(j)(3) preempts any Nevada law that otherwise would permit a foreclosure of an HOA lien to extinguish a property interest of Freddie Mac while it is under FHFA's conservatorship," "the HOA Sale did not extinguish Freddie Mac's interest in the Property and thus the Deed of Trust continues to encumber the Property," and "any interest of [Koronik] in the Property is subject to Freddie Mac's first secured interest in the Property." (MSJ 19:10–19).

The Ninth Circuit holds that when Fannie Mae or Freddie Mac possess an enforceable property interest and are under the FHFA's conservatorship at the time of the HOA sale, the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), serves to protect deeds of trust from extinguishment. *Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017). Moreover, the Court addressed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015). After addressing many different arguments regarding the applicability of section 4617(j)(3), the Court held that the plain language of section 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Id.* at 1159.

Here, Fannie Mae has held an interest in the Property since May 1, 2005. (*See* Curcio Decl. ¶¶ 4–8, Ex. B to MSJ). Accordingly, because the FHFA held an interest in the Deed of Trust as conservator for Fannie Mae prior to the HOA foreclosure, § 4617(j)(3) prevents the HOA's foreclosure on the Property from extinguishing the Deed of Trust.

### IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Intervenors' Motion for Summary Judgment (ECF No. 77) is **GRANTED**. The Court finds that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised

Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship. Accordingly, the HOA's foreclosure sale of its super-priority interest on the Property did not extinguish Fannie Mae's interest in the property secured by the Deed of Trust or convey the Property free and clear to Village Trust.

**IT IS FURTHER ORDERED** that Intervenors are granted summary judgment on all of Village Trust's claims and Intervenors' counterclaims.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this 29 day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court